IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHERRI CUMMISFORD,<br><br>       Plaintiff,<br><br>     v.<br><br>SHIRE U.S., INC.; SHIRE, LLC, ACTAVIS ELIZABETH LLC, ACTAVIS INC., and JOHN DOES 1-100; ABC CORPS 1-100, inclusive,<br><br>       Defendants. | No. 16-cv-1570 |

**MEMORANDUM IN SUPPORT OF ACTAVIS ELIZABETH LLC'S
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant Actavis Elizabeth LLC ("Actavis Elizabeth") submits this memorandum in support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). For the reasons explained herein, this Court should transfer this putative class action to the U.S. District Court for the District of Massachusetts,[1] where it may be consolidated with a nearly identical putative class action that is pending there, and potentially with a third, nearly identical putative class action that is pending in the Southern District of Florida.

The same out-of-state counsel represent the plaintiffs in all three actions. The complaints make the same allegations against the same defendants, and were filed and served on the same day. To allow three materially identical cases to proceed simultaneously in three different venues would be a flagrant waste of judicial resources, would be contrary to the interests of

---

[1] Defendants Shire U.S., Inc. and Shire, LLC consent to the transfer of this action to the U.S. District Court for the District of Massachusetts.

justice, and would serve the convenience of no one. This Court should therefore transfer this case to Massachusetts so that it may be consolidated with the Massachusetts action and—if the Southern District of Florida grants the similar motion Actavis Elizabeth has filed there—the Florida action as well.

## INTRODUCTION

This is one of three nearly identical complaints filed on the same day in three different U.S. District Courts by Plaintiffs' counsel at Kanner & Whiteley, LLC and Golomb & Honik, P.C. (collectively, "Plaintiffs' counsel"). Each complaint brings a putative class action composed of consumers of the prescription drug Intuniv®. Each complaint asserts antitrust claims against the same four defendants based on the settlement of patent litigation among certain of the defendants in the U.S. District Court for the District of Delaware in 2012.

The factual and legal allegations in the three complaints are identical, with two exceptions. First, the complaints assert different—albeit overlapping—class definitions. The complaint here asserts a class of Wisconsin residents only, with a corresponding named plaintiff from Wisconsin. Compl. ¶ 126. The complaint in the Southern District of Florida asserts a class of Florida residents only, with a corresponding named plaintiff from Florida. Compl. ¶ 126, ECF No. 1, *Richard v. Shire U.S., Inc.*, No. 16-cv-24907 (S.D. Fla. Nov. 23, 2016) ("Fla. Compl.")[2].

The complaint in the District of Massachusetts, in contrast, asserts two different classes—a nationwide class, and a class of New York residents.[3] Compl. ¶ 126, ECF No. 1, *Picone v. Shire U.S, Inc.*, No. 16-cv-12396 (D. Mass. Nov. 23, 2016) ("Mass. Compl.")[4]. Thus, the named Plaintiff in this action—and the entire putative class in this action—is also a member

---

[2] Attached to the Declaration of Lester A. Pines as Exhibit 1.
[3] The Massachusetts complaint does not include a putative class of Massachusetts residents.
[4] Attached to the Declaration of Lester A. Pines as Exhibit 2.

2
ACTIVE/88986576.6
Case 2:16-cv-01570-PP   Filed 12/23/16   Page 2 of 20   Document 12

of the putative class in the Massachusetts action. The same is true for the named plaintiff and putative class in the Florida action.

While the three complaints are all, at bottom, based on alleged violations of the Sherman Act, each is brought by, and on behalf of a putative class of, plaintiffs who did not purchase the drug Intuniv directly from the Defendants and who therefore lack standing to bring a Sherman Act claim under the Supreme Court's decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 735 (1977). As a result, while each of the plaintiffs alleges a Sherman Act violation as the substantive wrong for which they seek recovery, each of the three complaints relies on state antitrust or unfair competition law in seeking recovery for those alleged Sherman Act violations. *See, e.g.*, Compl. ¶¶ 149, 159, 165, 174; Fla. Compl. ¶¶ 151–52, 165, 174, 180–83; Mass. Compl. ¶¶ 149, 153, 164, 172. And each of the three complaints relies on state laws which courts interpret consistent with federal antitrust or unfair competition laws. See FLA. STAT. § 501.204(2) ("[D]ue consideration and great weight shall be given to the interpretations of the [FTC] and federal courts relating to § 5(a)(1) of the [FTC] Act, 15 U.S.C. § 45(a)(1)."); Mass. G. L. c. 93A, § 2(b) ("It is the intent of the legislature that in construing paragraph (a) of this section . . . , the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act"); *Lerma v. Univision Commc'ns, Inc.*, 52 F. Supp. 2d 1011, 1015 (E.D. Wis. 1999) (WIS. STAT. 133.03 interpreted same as Sherman Act); *People v. Rattenni*, 613 N.E.2d 155, 171 (N.Y. 1993) (explaining that N.Y. antitrust law "should generally be construed in light of Federal precedent" on the Sherman Act). The complaint in this Court relies on Wisconsin law. *See, e.g.*, Compl. ¶¶ 149, 159, 165, 174. The Florida complaint relies on Florida law. *See, e.g.*, Fla. Compl. ¶¶ 151–52, 165, 174,

180–83. And the Massachusetts complaint relies on both New York and Massachusetts law. *See, e.g.*, Mass. Compl. ¶¶ 149, 153, 164, 172.

Despite these two differences, the claims in all three complaints are substantively identical, as are the factual allegations. Indeed, of the 232 paragraphs in the Complaint here, all but a handful of them are carbon copies of the allegations in the Massachusetts and Florida complaints. Without doubt, the factual and legal issues in these cases will overlap almost entirely, given that (a) the named Plaintiff and putative class in this case are subsumed within the putative class in the Massachusetts case, and (b) which state's law will apply to any putative class member's claim will ultimately be a choice-of-law question for the Court to determine.

Plaintiffs' counsels' decision to file these three identical actions simultaneously in three different district courts is a transparent act of forum shopping. There is no reason to honor this tactical gambit when the convenience of the parties, the convenience of the witnesses, and the interests of justice all favor transfer to and consolidation in a single court. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [28 U.S.C.] § 1404(a) was designed to prevent." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

Transfer to allow consolidation is thus warranted. And the appropriate destination is the District of Massachusetts. Of the three districts in which Plaintiffs' counsel filed suit, the District of Massachusetts is the only place to which all three nearly identical suits "might have been brought" and thus may be transferred under 28 U.S.C. § 1404(a). And of Plaintiffs counsel's three chosen districts, the District of Massachusetts is also the most convenient because it is where defendant Shire U.S., Inc. is presently headquartered.
4

# BACKGROUND[5]

Defendants are pharmaceutical companies who manufacture and sell a prescription ADHD medication, guanfacine hydrochloride, which Shire sells under the brand name Intuniv and which Actavis Elizabeth sells as a generic, non-branded medication. Compl. ¶¶ 2, 50. In 2010, after Actavis Elizabeth first sought to begin marketing its generic gaunfacine, Shire sued it for patent infringement. Compl. ¶ 55. The litigation was extremely hard fought and proceeded for over two-and-a-half years. Compl. ¶¶ 59–71, 85.

Finally, after a four-day bench trial on Shire's infringement claims and facing the risk of an unknown judgment, Actavis and Shire reached a settlement of Shire's infringement claims on April 25, 2013. Compl. ¶¶ 85, 93. Among other terms, Actavis obtained an early-entry license to launch generic Intuniv in December 2014 (nearly eight years before the expiration of Shire's '794 patent) and agreed to pay Shire a 25% royalty on sales. Compl. ¶ 93. Plaintiff alleges one of the three patent infringement claims in this hard-fought patent litigation was in fact a sham, and that the settlement of it somehow amounted to a violation of the Sherman Act. *See generally* Compl. ¶¶ 140–208.

On November 23, 2015, Plaintiffs' counsel filed three nearly identical complaints based on the above series of events. Each complaint asserts that Defendants engaged in an unlawful restraint of trade in violation of Section 1 of the Sherman Act, and monopoly or monopolization (as to the Shire defendants) and conspiracy to monopolize in breach of Section 2 of the Sherman Act. Compl. ¶¶ 140–199; *see also* Fla. Compl. ¶¶ 140–199; Mass. Compl. ¶¶ 140–219. Each also alleges violations of state antitrust or unfair competition laws—both to provide standing to

---

[5] For purposes of providing background for this procedural Motion, Actavis Elizabeth relies on the facts as alleged in Plaintiff's Complaint. Actavis Elizabeth does not, however, thereby concede the accuracy or truth of any of Plaintiff's allegations.

5

assert the Sherman Act claims, and as an independent claim based on the same, identical set of facts and the same alleged harm. Compl. ¶¶ 200–208; *see also* Fla. Compl. ¶¶ 200–208; Mass. Compl. ¶¶ 220–232.

## ARGUMENT

Under 28 U.S.C. § 1404(a), transfer to another U.S. district court to which a lawsuit "might have been brought" is appropriate where it promotes "the convenience of parties and witnesses" and is "in the interests of justice." It is well-established that transfer under this provision is appropriate where it will allow multiple cases raising identical issues to be consolidated and heard together. Indeed, the Supreme Court has explained that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [28 U.S.C.] § 1404(a) was designed to prevent." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

The application of this rule here is straightforward. The three complaints filed by Plaintiffs' counsel are nearly identical, so the overlap of "precisely the same issues" is clear and unavoidable. *Id.* Transfer will therefore serve the "convenience of parties and witnesses" and promote the "interests of justice," by eliminating the significant burden of having to simultaneously litigate and adjudicate the same complex legal and factual issues in multiple courts. 28 U.S.C. § 1404(a). And the proper transferee court is the District of Massachusetts, because it is the only district with a currently pending case where all three actions "might have been brought" and therefore may be transferred. *Id.*

## I. TRANSFER IS WARRANTED BECAUSE THE THREE COMPLAINTS RAISE "PRECISELY THE SAME ISSUES."

. As explained above, the sole differences between the three complaints are (a) the identity of the named plaintiff and the state of residence of the putative class; and (b) the state whose law is relied upon to (allegedly) allow the putative class to recover for violations of the Sherman Act. The factual allegations, and the substantive legal issues, are the same in all three complaints.

The three complaints therefore raise "precisely the same issues": namely, did the settlement of the antitrust litigation between Shire and Actavis Elizabeth violate either Section 1 or Section 2 of the Sherman Act? Answering that question implicates not only a consideration of the details of the patent litigation between Shire and Actavis Elizabeth and the nature of the settlement agreement, but also an economic examination of the competitive effects of the settlement agreement under the "rule of reason." *See generally FTC v. Actavis, Inc.*, 133 S. Ct. 2223, 2237–38 (2013).

Those complex legal and factual determinations will be identical as to each of the three nearly identical complaints that Plaintiffs' counsel filed. By transferring this case to the District of Massachusetts, the Court will allow consolidation and thereby ensure that the same determinations need not be made three times. Requiring three separate district courts to undertake those determinations would be precisely "the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Continental Grain Co.*, 264 U.S. at 26.

## II. TRANSFER WILL SERVE THE CONVENIENCE OF PARTIES AND WITNESSES AND THE INTERESTS OF JUSTICE BY ALLOWING CONSOLIDATION

As the Seventh Circuit has recognized, "related litigation should be transferred to a forum where consolidation is feasible." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir.

7

1986). This Court's precedent therefore recognizes that where, as here, transfer will allow for the consolidation of overlapping cases, transfer necessarily furthers the convenience of parties and witnesses and serves the interests of justice. *See, e.g., CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agricultural Implement Workers of Am.*, No. 08-C-720, 2009 WL 357920, at *4–5 (E.D. Wis. Feb. 12, 2009). The reason is clear: the convenience and efficiency gains from consolidation far outweigh any possible inconveniences.

### A. The Convenience of the Parties Favors Transfer to Allow Consolidation

The convenience of the parties favors transfer to allow consolidation, which will limit this dispute to a single forum and eliminate the need for multiple courts to adjudicate the same complex issues. This is of course true for Defendants, who will otherwise have to defend against the same claims in three different states, and who have lead counsel located in Boston and Washington D.C., but not in Wisconsin. It is equally true for the plaintiffs, because Plaintiffs' counsel are in precisely the same position. They counsel are located in New Orleans and Philadelphia, not in Wisconsin. And, just as important, Plaintiffs' counsel will be litigating these same precise claims in the District of Massachusetts regardless of what this Court does in this case. Transferring these claims to allow consolidation will therefore benefit both parties by allowing all disputes to be resolved in a single forum. *See Schneider v. Brennan*, No. 15-cv-263, 2016 WL 29642, at *4 (W.D. Wisc. Jan. 4, 2016). (referring to the waste of "party resources" that would result from refusing to transfer related cases to a single forum).

To the extent the Court considers the relative means of the parties in this analysis, that factor likewise favors consolidation here. Transferring the case to the District of Massachusetts will not unfairly burden Plaintiff in light of the fact that he alleges the putative class consists of thousands or more individuals. *See In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998) (finding factor neutral in case where plaintiffs filed class action against

8

corporation). Moreover, transfer will reduce the cost of this litigation for Plaintiff because (a) his counsel is not located in Wisconsin in any event, and so must travel regardless of whether the case is transferred, and (b) transfer will enable the consolidation of this case with nearly identical litigation also filed by Plaintiffs' counsel, creating significant efficiencies that will reduce the cost of the litigation. As such, to the extent the court is concerned about Plaintiff's means relative to that of the Defendants', that concern should weigh in favor of transfer, not against it.

### B. The Convenience of Witnesses Favors Transfer to Allow Consolidation

The convenience of witnesses also favors transfer to allow consolidation, for similar reasons. Because the core issues in the three cases are identical, there is certain to be very significant (and perhaps wholesale) overlap between the relevant witnesses in this case and in the cases pending in the Southern District of Florida and the District of Massachusetts. In the absence of transfer, many witnesses would therefore likely need to be deposed, and perhaps testify at trial, three times about the same events. Transfer, by allowing consolidation of the actions, will eliminate that significant inconvenience, and the avoidance of multiple iterations of deposition and trial testimony dwarfs any marginal inconvenience that witnesses might face in having to travel to Massachusetts.

In addition, the allegations in this case focus overwhelmingly on the patent litigation and subsequent settlement agreement between Shire and Actavis Elizabeth. None of the witnesses involved in that litigation or that agreement are located in Wisconsin. But some of them may work at Shire's headquarters in Massachusetts, and others in New Jersey, where Actavis Elizabeth is headquartered. *See* Compl. ¶¶ 18, 20. For all such witnesses—and particularly those based at Shire's Massachusetts headquarters—the District of Massachusetts is significantly closer and more convenient than the Eastern District of Wisconsin.

9

ACTIVE/88986576.6

Case 2:16-cv-01570-PP   Filed 12/23/16   Page 9 of 20   Document 12

### C. The Interests of Justice Favor Transfer to Allow Consolidation

Even aside from the (very substantial) convenience advantages that will flow from transfer of this case, the interests of justice strongly favor transfer in this case to allow the consolidation of the three nearly identical complaints filed by Plaintiffs' counsel. As this Court has recognized, the strong "judicial economy" interest in transfers to allow consolidation of related matters "may be determinative in a particular case." *CNH Am. LLC*, 2009 WL 357920, at *5. To refuse a transfer that is required to allow consolidation of related actions like this one would "be an extremely inefficient use of judicial and party resources." *Schneider*, 2016 WL 29642, at *4.

Moreover, and just as important, transfer will serve the interests of justice by preventing inconsistent rulings, which might otherwise result from the parallel adjudication of three identical complaints in three different courts. That is particularly significant here given that the cases are putative class actions and that Plaintiffs' counsel has already sought to certify a nationwide class in one of the three cases. Failing to transfer, and then consolidate, these actions would effectively give plaintiffs three bites at the apple: if any of the three courts allowed these claims to survive a motion to dismiss, the plaintiffs asserting those claims could then seek leave to amend their complaint to seek certification of a nationwide class in that court.[6] Plaintiffs' counsel would only need to win once, while Defendants would need to win all three times. There can be no justification for permitting Plaintiffs' counsel to benefit from this state of affairs, which they themselves created by filing three simultaneous, identical actions in three different courts.

---

[6] Actavis Elizabeth does not concede that a nationwide class is proper.

10
ACTIVE/88986576.6
Case 2:16-cv-01570-PP   Filed 12/23/16   Page 10 of 20   Document 12

### D. The Other Factors This Court's Precedent Considers Either Favor Transfer or are Neutral

In addition to the factors already addressed, in deciding a transfer motion under § 1404(a), this court considers (1) "the plaintiff's choice of forum"; (2) "the situs of material events"; (3) "the availability of evidence in each forum"; and (4) "the availability of compulsory process over material witnesses." *CHN Am. LLC*, 2016 WL 357920, at *5. Courts also consider (5) familiarity with the applicable law. *See, e.g.*, *Circuit Check Inc. v. Qxq Inc.*, No. 12-C-1211, 2013 WL 6153234, at *3 (E.D. Wis. Nov. 20, 2013). Many of those factors likewise favor transfer, and the others are neutral on the question.

#### 1. Plaintiff's Forum Choice is Entitled to Little Weight Because this is a Class Action and Plaintiffs' Counsel Has Engaged in Blatant Forum Shopping

The usual "weight accorded a Plaintiff's choice of forum" is of little moment here for two reasons.

First, this is a putative class action. When the action to be transferred is a putative class action, the plaintiff's choice of forum is accorded no significant weight. *See, e.g.*, *Ruppert v. Principal Life Ins. Co.*, No. 06-CV-903, 2007 WL 2025233, at *5 (S.D. Ill. July 9, 2007) ("[T]he Court typically accords less deference to a plaintiff's choice of forum when, as here, an action is brought as a class action."); *Roots P'ship v. Lands' End, Inc.*, No. 90 C 1310, 1990 WL 186776, at *3 (N.D. Ill. Nov. 14, 1990) ("A plaintiff's choice of forum in a class action or derivative suit should . . . be accorded less weight.").

Second, Plaintiffs' engaged in blatant forum shopping by simultaneously filing three identical nearly complaints in three different states. As the Seventh Circuit has explained, "where, as here, the case involves two identical suits in distinct venues, [the plaintiff's-choice-of-forum] factor loses its significance entirely: each case has a plaintiff, and one of them will

11
ACTIVE/88986576.6

necessarily be disturbed." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th Cir. 2010). The Seventh Circuit has likewise recognized that "evidence of forum shopping or bad faith by a litigant" will in any event "count against a plaintiff's choice of forum." *Id.* at 979 n.2. Both factors are present here, and so Plaintiff's choice of forum is entitled to little or no weight.

> 2. <u>The Situs of Material Events is Neutral Because it Is Located In Neither this District nor Massachusetts</u>

The "situs of material events" is neutral, because neither this district nor the District of Massachusetts forms the situs of material events for Plaintiff's claims.

As for this district, aside from the named plaintiff's purchase of medication in Wisconsin—which is a prerequisite to his standing to bring this claim but which is not otherwise a core portion of the "operative facts" in the Complaint—nothing else relevant to this case occurred in the Eastern District of Wisconsin. Transfer would therefore not move this case away from the situs of material events, because that situs is not the Eastern District of Wisconsin.

The same is true of the District of Massachusetts. As explained above, the dispute centers on patent litigation in Delaware, and the settlement of that litigation—not on events in Massachusetts. And while Shire is now based in Massachusetts, Shire was not based in Massachusetts at the time that the challenged settlement agreement was reached.[7] Neither this district nor Massachusetts is therefore the situs of material events for plaintiffs' claims. As such, the "situs of material events" factor is irrelevant to the transfer analysis here.

---

[7] *See* Compl. ¶ 2, *Shire LLC v. Actavis Elizabeth LLC*, No. 10-cv-397 (D. Del. May 12, 2010) (alleging that Shire was then based in Kentucky).

### 3. The Availability of Evidence in the Forum Favors Transfer Because Shire's Headquarters is in Massachusetts and Consolidation Will Make Access Easier

The availability of evidence in the forum is admittedly less relevant in this era than it may once have been, given that most documents are electronic and others can be readily shipped. But to the extent that the location of evidence nevertheless remains entitled to meaningful weight in the transfer analysis, it favors transfer. Documents related to plaintiffs' allegations may be maintained at Shire's facilities in Massachusetts. *See* Compl. ¶ 1. And—just as important—it is evident that few or no relevant documents will be located in the Eastern District of Wisconsin, where none of the events giving rise to this claim occurred, save for the named plaintiff's alleged purchase of medication.

And of course, transfer will in any event facilitate access to sources of proof by consolidating in one location all three of Plaintiffs' counsel's nearly identical complaints. To the extent that documents must be brought anywhere, it is indisputably more efficient to bring them all to a single court—the District of Massachusetts—than to bring them all to three separate courts, as would be required in the absence of transfer. To the extent relevant, therefore, the availability of evidence favors transfer to the District of Massachusetts.

### 4. The Availability of Compulsory Process Favors Transfer Because There Are No Evident Non-Party Witnesses in the Eastern District of Wisconsin, But There May Be Some in Massachusetts

The availability of process to compel witness attendance likewise favors transfer. As noted above, the focus of Plaintiff's allegations is on events outside of Wisconsin, and so there appear to be no non-party witnesses who reside in Wisconsin and who would need to be compelled to testify. Transfer can therefore only help in enabling the availability of process to compel witness testimony, as there may be witnesses in Massachusetts, where Shire is now based.
13

### 5. The Forum's Familiarity with Governing Law Is Neutral Because the Core of Plaintiff's Claims Is Based on Federal Law or Well Established Wisconsin Law

The forum's familiarity with the governing law is neutral. As explained above, while this is formally a diversity case, Plaintiff's claims are based, at bottom, on alleged violations of the federal Sherman Act. Where a claim concerns federal law, any district court is equally capable of addressing it. *See, e.g.*, *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731 737 (N.D. Ill. 2007 ("Because this case concerns federal law, the familiarity with applicable law is neutral here.").

As for the state-law issues, the Wisconsin-law issues are ones for which there is existing Wisconsin precedent and which therefore do not require any particular expertise. *See, e.g.*, *Meyers v. Bayer AG*, 735 N.W.2d 448, 456 (Wis. 2007). Indeed, the District of Massachusetts has previously addressed antitrust class actions involving potential Wisconsin indirect-purchaser plaintiffs and had no difficulty doing so. *See, e.g.*, *In re Relafen Antitrust Litig.*, 225 F.R.D. 14, 27 (D. Mass. 2004).

## III. THE DISTRICT OF MASSACHUSETTS IS THE APPROPRIATE DESTINATION FORUM

For all of the reasons outlined above, transfer of this case to a forum where it may be consolidated with the other two, nearly identical actions filed by Plaintiffs' counsel is fully justified under § 1404(a). Of the three districts in which Plaintiffs' counsel filed suit, the only forum where all three actions "might have been brought," and therefore may be transferred, is the District of Massachusetts. The Court should therefore transfer this action there.

### A. This Action "Might Have Been Brought" in the District of Massachusetts, so Transfer There is Proper

For a case to be transferred under § 1404(a), the proposed, alternate venue must be one "where the case could have originally been brought." *PW Stoelting, LLC v. Levine*, 16-CV-381,

2016 WL 5921818, at *6 (E.D. Wis. Oct. 11, 2016). This requirement is met if the alternate venue would have had personal jurisdiction over each of the defendants, and if it would have been an appropriate venue under the federal venue statute, 28 U.S.C. § 1391. *See Harley-Davidson, Inc. v. Columbia Tristar Home Video, Inc.*, 851 F. Supp. 1265, 1270 (E.D. Wis. 1994).

Here, Plaintiff's own allegations in the Massachusetts complaint support a finding that the case in this Court "might have been brought" in the District of Massachusetts. As for personal jurisdiction, and as Plaintiff himself alleges, Shire's U.S. Operational Headquarters are located in the District of Massachusetts.[8] Compl. ¶ 18. There is therefore no question that Shire is subject to general personal jurisdiction in Massachusetts. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

Moreover, while Actavis Elizabeth is based elsewhere, Plaintiff's claims arise, in part, out of a license agreement between Actavis Elizabeth and Shire, a company now headquartered in the District of Massachusetts. Thus, and again based on Plaintiff's own allegations, Actavis Elizabeth is subject to specific personal jurisdiction there for these claims. Indeed, Plaintiffs' counsel has brought these exact claims against Shire and Actavis Elizabeth in Massachusetts on behalf of a class made up of out-of-forum, New York residents. *See* Mass. Compl. ¶ 126.

As for venue, Plaintiff alleges that Shire "caused the harm alleged herein to emanate, in at least substantial part, from and/or within [the District of Massachusetts] to Class Members

---

[8] Between the three complaints, Plaintiffs' counsel elsewhere allege that Shire's U.S. Operational Headquarters are located in *each of the three districts in which they filed suit*. *See* Compl. ¶ 27 ("Shire is headquartered in this District, and caused the harm alleged herein to emanate, in at least substantial part, from and/or within this District to Class Members within as well as outside this District."); *see also* Fla. Compl. ¶ 27 (same); Mass. Compl. ¶ 27 (same). That appears to have been a typographical error that resulted from their recycling the same, identical allegations into three separate Complaints. But in any event, there can be no dispute that Shire's U.S. Operational Headquarters are located in Massachusetts, not in the Eastern District of Wisconsin or in the Southern District of Florida. *See* Contact Information, *Shire.com* (accessed December 14, 2016), http://www.shire.com/contact-us (listing Shire's "US Operational Headquarters" in Lexington, Massachusetts); *see also* Compl. ¶ 18.

15

within as well as outside [that] District."⁹ Compl. ¶ 27Thus, on Plaintiff's allegations, the District of Massachusetts is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a).

Importantly, all of this analysis applies equally to the complaint Plaintiffs' counsel filed in the Southern District of Florida. As such, that case should likewise be transferred to the District of Massachusetts, and Actavis Elizabeth has simultaneously moved the Southern District of Florida to do so. Granting this Motion should therefore allow the three nearly identical complaints to be heard just once, rather than three separate times. But even if the Southern District of Florida declines to transfer the case before it, this Court's transfer would still reduce, from three to two, the number of times that these allegations must be litigated and decided, and would therefore significantly serve the convenience of the parties and witnesses, and the interests of justice.

### B. The Case Plaintiffs' Counsel Filed in the Southern District of Florida Could Not Have Been Brought Here

Unlike in the District of Massachusetts, the three complaints that Plaintiffs' counsel filed cannot be consolidated in this Court, because the complaint Plaintiffs' counsel filed in the Southern District of Florida could not have been brought in this Court. That complaint, as noted above, is nearly identical to the Complaint in this case. But there is one crucial difference: whereas the Complaint in this Court alleges a class of Wisconsin residents, the Florida complaint alleges a class of Florida residents only. That difference means that this Court would not have personal jurisdiction over the defendants, nor would this Court be an appropriate venue for the Florida complaint.

---

⁹ The apparent typographical error described above, at note 8, means that Plaintiff's Complaint in this Court asserts that the alleged harm flowed from in the Eastern District of Wisconsin, but Actavis Elizabeth understands that Plaintiffs' counsel intended to allege that this flowed from the District of Massachusetts.

16
ACTIVE/88986576.6

As to personal jurisdiction, neither Shire nor Actavis Elizabeth is organized or incorporated in the State of Wisconsin, nor do they have their headquarters here, or any similarly comprehensive ties beyond the sales of products which ultimately end up in this state. They are not subject to general personal jurisdiction in this state. *See Daimler AG*, 134 S. Ct. at 757. And the allegations in the Florida complaint relate solely to sales of pharmaceuticals to Florida residents, and to contracts negotiated between the defendants outside of this state. The claims in the Florida complaint thus do not arise out of any contacts between the defendants and Wisconsin, and so the defendants are not subject to specific personal jurisdiction here for the claims in the Florida complaint either. For that reason, the Florida complaint could not have been brought in this Court, and so it may not be transferred here. 28 U.S.C. § 1404(a).

Nor, personal jurisdiction aside, would this Court be an appropriate venue for the Florida complaint in any event. Not all of the Defendants are residents of Wisconsin (none are), so 28 U.S.C. § 1391(b)(1) cannot supply venue here. And none of the "events or omissions giving rise to the claim" in the Florida complaint—which, again, involves only sales to Florida residents—occurred in this district either, so § 1391(b)(2) is likewise inapplicable. Finally, there **are** other venues that are appropriate under § 1391(b)(2): the District of Massachusetts, where Shire is based, is one example as explained above, and the District of Delaware, where the underlying patent litigation on which the claims are based occurred, would qualify as well. For that reason, § 1391(b)(3), which applies only "if there is no district in which an action may otherwise be brought," would not supply venue for the Florida complaint here either.

### C. This Case Could Not Have Been Brought in the Southern District of Florida

For similar reasons, the three complaints that Plaintiffs' counsel brought cannot be consolidated in the Southern District of Florida, because this case could not have been brought in that court. The Complaint in this case alleges a state-specific class of Wisconsin residents. For

the same reason that this Court would lack personal jurisdiction over the claims of a class of Florida residents in this matter, the Southern District of Florida would lack personal jurisdiction over the claims of the putative Wisconsin-specific class brought here. And for the same reason that this Court would not be an appropriate venue for the claims of a Florida-specific class under 28 U.S.C. § 1391(b), the Southern District of Florida would not be an appropriate venue for the claims of the putative Wisconsin-specific class brought here.

As such, and in sum, of the three venues in which Plaintiffs' counsel filed the three nearly identical complaints against defendants, the District of Massachusetts is the only venue in which all three complaints could have been brought, and thus may be transferred. This Court should therefore transfer this case there.

### IV. IF THE COURT TRANSFERS THIS CASE TO THE DISTRICT OF MASSACHUSETTS, IT CAN BE CONSOLIDATED WITH THE PENDING MASSACHUSETTS CASE

If this Court grants this Motion and transfers this case to the District of Massachusetts, it will be for that court to decide whether to consolidate this case with the Massachusetts action. But there is every reason to believe that the Massachusetts court will consolidate the cases.

Under Federal Rule of Civil Procedure 42(a), cases pending in the same district court may be consolidated so long as they share (1) at least one common party and (2) at least one common question of fact or law. From there, "the court has 'broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate.'" *In re PRI Automation Inc. Securities Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001) (quoting *Seguro de Servicio de Salud de P.R. v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)). The District of Massachusetts has not hesitated to consolidate cases where, as here, "the complaint filed in each of [the] cases is in essence the same complaint, including the same named defendants and the same allegations in support of the claims. Only the named plaintiffs differ."

18

ACTIVE/88986576.6
Case 2:16-cv-01570-PP   Filed 12/23/16   Page 18 of 20   Document 12

*Id. See also Perry v. Equity Res. Mgmt., L.L.C.*, No. 12-10779, 2014 WL 4198850, at *2 (D. Mass. Aug. 26, 2014) ("The suits allege violation of the same statutes by the same means-- charging unlawful fees. The fees themselves are the same. These commonalities easily satisfy the threshold inquiry. The balancing factors point in the same direction. The substantial overlap between the cases makes consolidation more economical and expedient.").

Thus, if this Court grants the Motion and transfers this case to the District of Massachusetts, that court is likely to consolidate it with the Massachusetts action and thereby create the convenience and efficiency benefits described above.

## **CONCLUSION**

For all of the foregoing reasons, Actavis Elizabeth respectfully request that the Court allow its Motion and, for the convenience of the parties, the witnesses, and all others involved, transfer this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a), where it may be consolidated with the other pending complaints.

Respectfully submitted,

PINES BACH LLP

 /s/  Lester A. Pines                                      .
Lester A. Pines, SBN 1016543
122 West Washington Avenue, Suite 900
Madison, WI 53703
(608) 251-0101
(608) 251-2883
lpines@pinesbach.com


Christopher T. Holding
Sarah K. Frederick
**Goodwin Procter LLP**
100 Northern Ave.
Boston, MA 02210
P: (617) 570-1000
F: (617) 523-1231
cholding@goodwinlaw.com
sfrederick@goodwinlaw.com

*Attorneys for Defendant Actavis Elizabeth LLC*

Dated:   December 23, 2016